DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-0031-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| LIMUSEEA VAIVAI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |


I.    **Introduction**

A.    *Summary*

This brief introduction sets forth a summary of the terms of the plea

agreement between LIMUSEEA VAIVAI and the United States. This summary is not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to the following charges set forth in the Information in this case:

> **Counts 1 and 3:**   Possession of a firearm and ammunition after conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

> **Counts 2 and 4:**   Possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

Defendant further agrees to admit the following allegations in Count 5 of the Information in this case:

> **Count 5:**   Criminal forfeiture in violation of 18 U.S.C. § 924(d)(1).

The United States agrees to recommend an adjustment for acceptance of responsibility if the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1. United States also agrees not to prosecute the defendant further for any offense – now known – arising out of the subject of these investigations. Finally, the United States agrees to move to

dismiss the Indictment against defendant charging him with felon in possession of a firearm and being a prohibited person in possession of a firearm after sentence is imposed based on the Information.

**B.**   *Complete Agreement.*

This document contains the complete plea agreement between the United States and LIMUSEEA VAIVAI.   No other agreement, understanding, promise, or condition exists between these two parties.   The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

**C.**   *Federal Rules of Criminal Procedure.*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rules of Criminal Procedure 11(c)(1)(B).   This means that LIMUSEEA VAIVAI may not withdraw from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel.   Neither the defendant nor the court is bound by the government's sentencing estimates.

### D.    *United States Sentencing Guidelines.*

Because this case arises out of conduct occurring after November 1, 1987,

LIMUSEEA VAIVAI's sentence will be considered by application of the United

States Sentencing Commission Guidelines (U.S.S.G.).

In the wake of U.S. v. Booker, 125 S.Ct. 738 (2005), the Court must make a

correct calculation under the existing Sentencing Guidelines, and then consider the

final guideline calculation when determining the sentence to be imposed.

### E.    *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case, the parties waive any

claim for the award of attorney's fees and costs from the other party.

## II.    <u>What the Defendant Agrees to Do</u>

LIMUSEEA VAIVAI agrees the following obligations are material to this

agreement.  The defendant agrees that any violation of or failure to fulfill these

obligations will be a material breach of this agreement.  If the defendant breaches

this agreement, the defendant understands the United States, in its sole discretion,

may withdraw from this agreement and may reinstate prosecution against the

defendant on any charges arising out of the investigation in this matter.  Whether

the defendant has violated the terms of this agreement will be determined by the

court at an appropriate hearing during which any of the defendant's disclosures

will be admissible and the government's burden is by a preponderance of the
evidence.

### A.   *Charges*

LIMUSEEA VAIVAI agrees to plead guilty to Counts 1-4 of the
Information.  Defendant further agrees to admit the allegations in Count 5 of the
Information and to the immediate entry of a Preliminary Order of Forfeiture as to
the firearms more particularly described in Count 5.

LIMUSEEA VAIVAI is charged with the following offenses in the
Information in this case:

> **Count 1 and 3:**   Possession of a firearm and ammunition after
>                      conviction of a felony in violation of 18 U.S.C.
>                      §§ 922(g)(1) and 924(a)(2).
>
> **Counts 2 and 4:**  Possession of a firearm by a prohibited person in
>                      violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).
>
> **Count 5:**         Criminal forfeiture in violation of 18 U.S.C. §
>                      924(d)(1).

### B.   *Limits on departures*

Unless specifically set forth in this plea agreement, the defendant agrees he
will not seek any downward departures under the U.S.S.G. or any other authority.

This section does not prohibit the defendant from arguing for the application of any downward guideline *adjustments* to the court's sentence calculation.

## C.    *Fine.*

The parties have no agreement regarding any fine amount.
appeal his conviction.  The defendant also understands and agrees that as

consideration for the government's commitments under this plea agreement, and if

the court accepts this plea agreement and imposes a sentence no greater than the

maximum statutory penalties available for the offense of conviction, including any

forfeiture under this plea agreement, he will knowingly and voluntarily waive his

right, contained in 18 U.S.C. § 3742, to appeal the sentence  – including any

forfeiture or conditions of supervised release imposed.   Furthermore, the

defendant also knowingly and voluntarily agrees to waive his right to collaterally

attack his conviction and/or sentence – including any forfeiture, whether civil or

criminal, administrative or judicial or conditions of supervised release imposed.

The only exceptions to this collateral attack waiver are as follows: 1) any

challenge to his conviction or sentence alleging ineffective assistance of counsel --

based on information not now known to the defendant and which, in the exercise

of reasonable diligence, could not be known by the time the court imposes

sentence; and 2) a challenge to the voluntariness of his guilty plea. The defendant

agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside,

or if his sentence is vacated, reversed, set aside, or modified, at any time, in any

proceeding, for any reason, the United States will be free to prosecute the

defendant on all charges arising out of the investigation of this case for which

there is probable cause.

### E.    *Consequences of plea*

The defendant agrees to pay the special assessments owed in this case.

Additionally, the defendant agrees to complete the Financial Statement of Debtor

declaring all income, assets, and expenses, and include a copy of the defendant's

last Federal Income Tax form filed. Any false statements contained in the

financial statement will subject the defendant to a separate prosecution for making

False Statements to the United States pursuant to 18 U.S.C. § 1001.

### F.    *Waiver of Right to Jury Trial on Sentencing Factors*

The defendant, by entering this plea, also waives any right to have facts that

the law makes essential to the punishment either (1) charged in the charging

document, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The

defendant explicitly consents to be sentenced pursuant to the applicable

Sentencing Guidelines and to have the sentence based on facts to be found by the sentencing judge by a preponderance of the evidence. The defendant explicitly acknowledges that his plea to the charged offense authorizes the court to impose any sentence, up to and including the statutory maximum sentence, that is authorized by the Sentencing Guidelines.

### G.    *Waiver of Right to Grand Jury Presentation*

The defendant is charged in an Information filed by the United States Attorney with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and being a prohibited person in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure, the defendant agrees to waive his right to have these charges presented to a grand jury for indictment and agrees to plead guilty to the charges set forth in the Information.

## III.    What the Government Agrees to Do

### A.    *Charges*

In exchange for LIMUSEEA VAIVAI's plea of guilty to Counts 1-4, and admitting the allegations in Count 5, the United States agrees not to prosecute the defendant further for any offense – now known – arising out of the subject of these investigations.

The United States also agrees to move to dismiss the Indictment against defendant charging him with felon in possession of a firearm and being a prohibited person in possession of a firearm after sentence is imposed based on the Information.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

**B.**   *Acceptance of Responsibility*

If the defendant is completely candid and truthful with both the court and the United States Probation Office in admitting his criminal conduct and he meets the criteria set out in U.S.S.G. § 3E1.1, the United States agrees to recommend the defendant for a downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw

this recommendation.

The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority. This section does not prohibit the United States from arguing for the application of any upward guideline adjustments to the court's sentence calculation.

## IV.   <u>Advisement of Maximum Penalties and Conditions of Sentence</u>

A.    The maximum statutory penalties for the charge to which LIMUSEEA VAIVAI is pleading guilty are as follows:

<u>**Counts 1 and 3**</u>:  Possession of a firearm after conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2):  1) a maximum of ten (10) years in prison, 2) a $250,000 fine, 3) a $100 mandatory special assessment, and 4) a maximum of three (3) years of supervised release.

<u>**Counts 2 and 4**</u>:  Possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2): 1) a maximum of ten (10) years in prison, 2) a $250,000 fine, 3) a $100 mandatory special assessment, and 4) a maximum of three (3) years

of supervised release.

B.    Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.    Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

D.    Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.    The court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

F.    All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V.    **Guideline Applications and Sentencing Issues (the following estimates bind neither party nor the court)**

A.    **Group 1**

***Counts 1-2: Felon in possession of a firearm/ammunition and possession of a firearm by a prohibited person***

| | |
|---|---|
| Base Offense Level (USSG § 2K2.1(a)(6)) . . . . . . . . . . . . . . . . . . . | 14 |
| Case Involved 8 Firearms (USSG § 2K2.1(b)(1)(B)) . . . . . . . . . . . | +4 |
| Stolen Firearms (USSG § 2K2.1(b)(4)) . . . . . . . . . . . . . . . . . . . . . | +2 |
| Adjusted Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20 |
| Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -3 |
| Estimated Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 17 |
| Estimated Criminal History Category . . . . . . . . . . . . . . . . . . . . . . | V |
| Estimated Sentencing Range . . . . . . . . . . . . . . . . . . . . . | 46-57 mos. |

B.    **Group 2**

***Counts 3-4: Felon in possession of a firearm/ammunition and possession of a firearm by a prohibited person***

| | |
|---|---|
| Base Offense Level (USSG § 2K2.1(a)(6)) . . . . . . . . . . . . . . . . . . . | 14 |
| Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | -2 |
| Estimated Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12 |
| Estimated Criminal History Category . . . . . . . . . . . . . . . . . . . . . . | V |

½ Unit for Group 5 Levels Less Serious (USSG §3D1.4(b))  . . . . . +1

Estimated Total Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Estimated Criminal History Category  . . . . . . . . . . . . . . . . . . . . . .  V

Estimated Total Sentencing Range . . . . . . . . . . . . . . . . . . 51-63 mos.

**D.    *Other Adjustments to Base Offense Level Regarding Counts 1-4.***

There may be applicable adjustments to the base offense levels under the

United States Sentencing Commission Guidelines that may make the final offense

level higher than or lower than the offense level estimated by the United States.

**E.    *Criminal History Category***

The parties have no agreement on the defendant's criminal history category.

The government **estimates** that it will be **Category V**.  The defendant understands

that the court may find the defendant's criminal history to be higher than the

United States has estimated.  The defendant may argue about the appropriate

criminal history calculation or classification, but may not make a downward

departure motion on this basis.  The United States is free to oppose any such

argument or motion.

**F.    *No Upward or Downward Departures***

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing *departures* unless specifically set forth in this plea agreement. No such upward or downward sentencing departures are specifically set forth in this plea agreement. This section does not place any limits upon any guideline *adjustments*.

### G.    *Ultimate Sentence Left to Discretion of Court*

The defendant fully understands that the court has total discretion to determine the ultimate sentence and that the defendant will not be permitted to withdraw his plea or appeal his sentence if the court deviates from the sentencing estimates or recommendations made by either the United States or defense counsel.

## VI.    Elements of the Offense

### Counts 1 and 3 *Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1) and § 924(a)(2))*:

In order to sustain a conviction for being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

**First:** the defendant knowingly possessed a firearm and/or ammunition;

**Second:** the firearm and/or ammunition had been transported in interstate commerce; and

**Third:** the defendant had previously been convicted of a crime for which he could have been punished for a term exceeding one year in jail.

## Counts 2 and 4 *Possession of a firearm by a prohibited person (18 U.S.C. § 922(g)(9) and § 924(a)(2))*:

In order to sustain a conviction for possession of a firearm and ammunition by a prohibited person, a violation of 18 U.S.C. § 922(g)(9) and § 924(a)(2), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

**First:** the defendant knowingly possessed a firearm and/or ammunition;

**Second:** the firearm and/or ammunition had been transported in interstate commerce; and

**Third:** the defendant had previously been convicted of a misdemeanor crime of domestic violence.

## VII.  Factual Basis for the Plea

The parties stipulate and agree to the truth of the following factual

statement:

On July 26, 2005, at approximately 1500 hours, officers located

LIMUSEEA VAIVAI in a bedroom inside the residence located at 8116 Endicott

Street in Anchorage, Alaska, and arrested him based on an outstanding felony

arrest warrant.  Officers located the following three firearms inside the bedroom: a

Ruger .22 caliber rifle, model number 10/22, serial number 233-04409, a Ruger

.45 caliber pistol, model number P-90, serial number 662-23420, and a Ruger .45

caliber pistol, model number P-90, serial number 661-79829.  In a blue Ford

Escort parked outside the residence in the driveway, officers found the following

five firearms: a Ruger .223 caliber rifle, model number Mini-14, serial number

184-34269, a Mossberg .12 gauge shotgun, model number 500A, serial number

P565234, a Mossberg .12 gauge shotgun, model number 500A, serial number

389756, a Romarm 7.62 x 39 rifle, model number WASR-10, serial number 1-

57812-03, and a Smith & Wesson 9mm caliber pistol, model number 59, serial

number A378649.

On February 7, 2006, at approximately 2200 hours, officers located

LIMUSEEA VAIVAI at 3124 Richmond Avenue and arrested him based on an

outstanding felony arrest warrant for escape from a half-way house. LIMUSEEA VAIVAI was seated in the passenger side of a vehicle at the time of his arrest. Officers found the following firearm in between the passenger side door and the passenger seat of the vehicle: a Ruger .45 caliber pistol, model number P-90, serial number 662-27482.

Each of these firearms was transported in interstate commerce and each of these firearms was possessed by the defendant, LIMUSEEA VAIVAI.

LIMUSEEA VAIVAI had previously been convicted of a crime punishable by a term of imprisonment exceeding one year and had previously been convicted of a misdemeanor crime of domestic violence.

## VIII. Adequacy of the Agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence if he had gone to trial and had been convicted on Counts 1-4 of the charging instrument. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.   Defendant's Agreement and Understanding of the Terms of this Plea Agreement

I, LIMUSEEA VAIVAI, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.      I wish to enter a plea of guilty to Counts 1-4 of the Information, which charge me as follows:

**Counts 1 and 3:**  Possession of a firearm and ammunition after conviction of a felony in violation of Title 18, United States Code, § 922(g)(1) and § 924(a)(2).

**Counts 2 and 4:**  Possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

I further wish to admit the allegations in Count 5 of the Information and to the immediate entry of a Preliminary Order of Forfeiture as to the firearms described in Count 5.

B.      I understand that by pleading guilty I give up and I agree to waive the following rights:

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person, or the validity of any seizures involving Forfeiture Assets;

C.    I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence.  Knowing this, I voluntarily waive my right to appeal my conviction.  Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence no greater than the statutory maximums available for this offense.  Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the court imposes the sentence-- which affected either my guilty plea or the sentence imposed by the court.  I am fully satisfied with the representation given me by my attorney, Ms. MJ Haden. We have discussed all possible defenses to the charges in the Information.  My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my

offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are not binding on any party.

     D.     I further understand that if I plead guilty, there will not be a trial and that the court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

     E.     I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

     F.     I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the court might impose are only estimates and do not bind the court. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. I understand the United States has not guaranteed me a motion for a substantial assistance departure and the court is not bound to grant such a motion if the government files one. Unless

specifically set forth in this agreement, I understand that if the court deviates from the sentencing recommendations made by either the United States or my attorney, I cannot withdraw my guilty plea or from this agreement, and that I am waiving my right to appeal the court's sentencing decision.

G.     I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

H.     This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea.  There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement.  If there were, I would so inform the court.  I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

I.     I have read this plea agreement carefully and understand it thoroughly.  I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea.  I understand the consequences of my guilty plea.  I enter into this agreement knowingly and voluntarily.

I therefore wish to enter a plea of guilty to Counts 1-4 of the Information, which charges me with possession of a firearm and ammunition after conviction of a felony in violation of Title 18, United States Code, § 922(g)(1) and § 924(a)(2), and being a prohibited person in possession of a firearm in violation of Title 18 United States Code, § 922(g)(9) and § 924(a)(2), and to admit the allegations in Count 5 of the Information.

DATED: 6/5/06

LIMUSEEA VAIVAI,
Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant' competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 6/5/06

MJ HADEN
Attorney for LIMUSEEA VAIVAI

On behalf of the United States, the following accept LIMUSEEA VAIVAI's offer to plead guilty under the terms of this plea agreement.

DATED: _____ 6/7/06 _____

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: david.nesbett@usdoj.gov

DATED: _____ 0/8/06 _____

DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov